## Morgan's Appeal.
## Morrow's Appeal.

</div>

Several suits were brought against the same defendant, to the same Term, *in some* of which appearance was entered, and thus judgment prevented, and *in others* judgment was permitted to be taken for default of appearance. It was *held,* that the judgments thus *first* obtained were not fraudulent by virtue of the proviso to the 4th section of the Act of 16th April, 1849, relative to assignments, and that the executions on such judgments being first in order of time, were entitled to a preference in the distribution of the proceeds of personal property sold under them.

APPEAL by Jacob Morgan from the decree of the Court of Common Pleas, *Washington county*, distributing the fund arising from the sheriff's sale of A. C. Morrow's personal property, on several *fi. fa's.*

Appeal by John Morrow from the same decree.

Writs of summons were issued in several cases against Adam C. Morrow, returnable to the first Monday of April, 1852. On that day the defendant entered appearance to some of the actions, and therefore, under the rules of Court, the plaintiffs in these cases were not entitled to judgment for ten days. Morgan and Morrow, the appellants, who were plaintiffs in two of the suits against A. C. Morrow, took judgments upon the return day, viz., the 5th April, according to the rules, *for default of appearance;* and issued executions. The appellees obtained judgments afterwards, viz., on 16th April, for want of a plea and affidavit of defence, and executions were issued on their judgments. The sheriff proceeded to sell the personal property of the defendant;

and, on 21st May, 1852, a rule was taken to bring the money into Court for distribution.

An auditor was appointed to report distribution. In one part of his report, marked C, the fund was to be applied to the first executions; according to another, marked D, it was to be distributed *pro rata* amongst all of the judgment-creditors.

The Court were of opinion, from the testimony, that the defendant had knowledge of his insolvency on the return day of the writs; and decided that his entering appearance by his attorney to some of the suits, and not to all, was equivalent to a confession of judgment in those cases in which no appearance had been entered, and that they fell within the purview of the 4th section of the Act 16th April, 1849, extending the provisions of the Act of 17th April, 1843, entitled "An Act to prevent preferences in assignments." They also decided that the repeal of the Act of 16th April, 1849, by the 5th section of the Act of 4th May, 1852, would not affect this proceeding, the repealing Act having been passed subsequent to the entry of the judgments in favor of the appellants.

They, therefore, decreed that the fund in Court should be distributed *pro rata* to *all* the executions issued to May Term.

Error was assigned to the order of distribution, and in not decreeing the fund to the first executions of Morgan and Morrow.

*Acheson* and *Wilson*, for Morgan.

*McKennan*, *Acheson*, and *Wilson*, for Morrow.

PER CURIAM.—The appellants had the earliest liens on the property out of which the fund in Court arose, but the Court decreed it to all the creditors *pro rata*, because, though the debtor had neither confessed judgment to the appellants, nor made an assignment, yet he had suffered judgment to go in their favor by default on the return day of their writs, while he caused an appearance to be entered against the others, and thus delayed them ten days longer. The opinion of this Court, delivered by Mr. Justice LEWIS last June, in Worman *v.* Wolfersberger, which was a stronger case than this, makes it unnecessary to discuss the principles involved in it. For the reasons there given, the decree of the Common Pleas must be reversed.

> Decree reversed, and the fund in Court ordered to be distributed among the several lien creditors, agreeably to the first scale, marked C, reported by the auditor.